UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESLEY B. AMES,<br><br>                Plaintiff,<br><br>   v.<br><br>RANDALL S. AMES and DARLEEN AMES, husband and wife,<br><br>                Defendants. | NO: 13-CV-0405-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT |

BEFORE THE COURT are the following motions: (1) Defendants' motion to vacate order of default (ECF No. 30); (2) Plaintiff's motion for entry of default judgment (ECF No. 22); and (3) Plaintiff's "Motion for Declaration of Controlling Law" (ECF No. 25). These matters were submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

//

//

ORDER GRANTING MOTION TO SET ASIDE DEFAULT ~ 1

DISCUSSION

**A. Defendants' Motion to Set Aside Default**

Defendants move to set aside the Default entered by the Clerk of the U.S. District Court for the Southern District of California prior to the transfer of the case to this Court (ECF No. 9). Motions to set aside default are governed by Federal Rule of Civil Procedure 55(c). The rule provides that entry of default may be set aside upon a showing of "good cause." In determining whether good cause has been shown, a district court must consider (1) whether the default resulted from culpable conduct on the part of the defendant; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff would be prejudiced by setting aside the default. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). "To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case." *Id.* at 701. When a motion to set aside a default is filed prior to the entry of default judgment, the district court has "especially broad" discretion in deciding whether to grant relief. *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000).

The Court finds that Defendants have established good cause to set aside the default. As a threshold matter, Defendants, as *pro se* litigants, are entitled to a more relaxed application of Rule 55(c)'s good cause requirement than represented parties. *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*,

ORDER GRANTING MOTION TO SET ASIDE DEFAULT ~ 2

615 F.3d 1085, 1089 (9th Cir. 2010) ("Our rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation.").

Turning to the first of the three factors identified above, there is no credible evidence that the default resulted from culpable conduct. A defendant's conduct may be deemed "culpable" only if he has "received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original). As the Ninth Circuit explained in *Mesle*, "a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (quotation and citation omitted). Thus, a failure to answer cannot defeat a showing of good cause under Rule 55(c) unless there is evidence that the defendant acted deviously, deliberately, willfully or in bad faith. *Id.* Notwithstanding the accusations leveled against Defendants in Plaintiff's response, *see* ECF No. 32, the Court finds that Defendants' failure to respond was the product of simple excusable neglect rather than an attempt to deliberately manipulate the legal system.

It further appears that Defendants have meritorious defenses to Plaintiff's claims. In documents which the Court construes as proposed answers to the

ORDER GRANTING MOTION TO SET ASIDE DEFAULT ~ 3

complaint (ECF Nos. 28 and 35), Defendants dispute the amount owed on the subject loan and appear to contest whether they are personally obligated to repay it. Defendants also assert several potentially meritorious affirmative defenses, including a statute of limitations defense. This factor weighs in Defendants' favor.

Finally, Plaintiff would not be prejudiced by an order setting aside the default. As noted above, "the setting aside of a [default] must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 696. "Rather, the standard is whether [the] plaintiff's ability to pursue his claim will be hindered." *Id.* (quotation and citation omitted). The present record reflects that Plaintiff's ability to pursue his claims will not be hindered by an order setting aside the default. Indeed, the only prejudice Plaintiff has identified is that Defendants' failure to file a timely answer has made it "increasingly less likely he will ever be able to recover a close relationship with his parents." ECF No. 32 at 8. This self-serving assertion is insufficient to overcome the strong policy favoring resolution of claims on the merits. *See Mesle*, 615 F.3d at 1091 ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.") (quotation and citation omitted). In view of the foregoing, Defendants' motion to set aside the default is granted.

1   The answer filed by Defendant Darleen Ames at ECF No. 28, and the
2   amended answer filed by Defendant Randall Ames at ECF No. 35, are accepted as
3   filed.

**B. Plaintiff's Motion for Default Judgment**

Based upon the foregoing ruling setting aside the default against both Defendants, Plaintiff's motion for default judgment is denied as moot.

**C. Plaintiff's "Motion for Declaration of Controlling Law"**

Plaintiff has moved for an order declaring that "this action is controlled by California substantive law, including the availability of punitive damages." ECF No. 25 at 1. Defendants filed a response indicating that they do not oppose the motion. ECF No. 29. Accordingly, the motion is granted.

**IT IS HEREBY ORDERED:**

1. Defendants' motion to vacate order of default (ECF No. 30) is **GRANTED**. The Default entered at ECF No. 9 is hereby **STRICKEN**. The answer filed by Defendant Darleen Ames at ECF No. 28, and the amended answer filed by Defendant Randall Ames at ECF No. 35, are accepted as filed.

2. Plaintiff's motion for entry of default judgment (ECF No. 22) is **DENIED**.

ORDER GRANTING MOTION TO SET ASIDE DEFAULT ~ 5

1    3. Plaintiff's "Motion for Declaration of Controlling Law" (ECF No. 25) is

2       **GRANTED**.

3    The District Court Executive is hereby directed to enter this Order and mail

4 copies to all parties at their addresses of record.

5       **DATED** April 2, 2014.



                            THOMAS O. RICE
                         United States District Judge

ORDER GRANTING MOTION TO SET ASIDE DEFAULT ~ 6