UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESLEY B. AMES,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>RANDALL S. AMES and DARLEEN AMES,<br><br>　　　　　　　　Defendants. | NO: 2:13-CV-0405-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff Wesley B. Ames' Motion for Reconsideration (ECF No. 118).[1]  The Court has reviewed the record and documents therein, and is fully informed.  There being no reason to delay entry of this Order, the hearing with oral argument set for January 31, 2017 is stricken.  For the reasons discussed below, Plaintiff's Motion is **DENIED**.

---

[1]  Pursuant to the Scheduling Order, ECF No. 69 at 7, the Court has not ordered Defendants to respond and denies oral argument as unhelpful (LR 7.1(h)(3)(B)(iv)).

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

## BACKGROUND[2]

The Court dismissed Plaintiff's causes of action after a brief bench trial.[3] Plaintiff submitted a Motion for Reconsideration (ECF No. 118), mostly asserting new arguments and evidence not raised at trial, while admitting Plaintiff failed to have controlling case law prepared for trial. *See* ECF No. 118 at 3. Plaintiff challenges the Court's dismissal of Plaintiff's causes of action (*i.e.* breach of contract, quasi-contract, fraud, and intentional infliction of emotional distress), except for the claim of conversion. ECF No. 118 at 2.

//

---

[2]   A recitation of the facts is found in ECF No. 116.

[3]   Despite Plaintiff's contentions otherwise, a bench trial was held. The Court admitted exhibits and heard from both parties. The Court addressed each of Plaintiff's causes of action, specifically asked what Plaintiff believed the evidence would show, and repeatedly asked whether Plaintiff had any other evidence it wanted the Court to hear. Before deciding, the Court again asked Plaintiff if he wanted to submit additional evidence and whether there were other matters he wanted the Court to consider. Plaintiff did not proffer any additional evidence. At the conclusion of the trail, the Court dismissed the claims because, even if Plaintiff proved what he claimed he would, Plaintiff's claims still fail as a matter of law.

## STANDARD OF REVIEW

Although Fed. R. Civ. Pro 59(e) allows a party to move the court to alter or amend a judgment upon reconsideration, Rule 59(e) is an "extraordinary remedy" that is "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).

A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enterprises*, 229 F.3d at 890 (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

//

//

//

//

## DISCUSSION

**A. Breach of Contract**

At trial, the Court questioned whether the underlying contract[4] was a pay on demand loan, and thus under California law the statute of limitations runs from the date of consummation. After the Court gave Plaintiff time to consider the law, Plaintiff asserted the loan is a pay when able loan. Plaintiff then represented to the Court that the evidence would show Defendants were able to pay, at least partially, in the year 2006 to 2009, and that Defendants actually offered to pay. Thus, the Court ruled that the statute of limitations has clearly run. ECF No. 116 at 6.

A review of the underlying e-mail chain (submitted by Plaintiff as an exhibit at trial) discussing the contract in dispute shows that repayment was conditioned on the Lithuanian business having "sufficient cash reserves." Ex. 1 at 2. Plaintiff submitted a set of correspondences between Defendants and a third party, which took place sometime in the year 2003, where Randall Ames stated the business was

---

[4] At trial, neither party disputed that there was a contract, they disputed whether it was a personal loan or a business loan. ECF No. 116 at 3, n.3. As such, the quasi-contract claim concerning the same subject matter is not viable and need not be addressed. *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).

profitable.  ECF Nos. 92 at 3; 101 at 124.  As such, in the alternative, the condition to repayment was met sometime in the year 2003, at the latest.

California follows the majority rule in holding that repayment of a "pay when able" loan is conditioned on the actual ability to pay the loan, as opposed to imposing a reasonable time to pay.  *Van Buskirk v. Kuhns*, 129 P. 587, 588 (Cal. 1913) (citation omitted).  *"Under the majority rule, a promise to pay 'when able' is a conditional promise and thus no cause of action exists until an actual ability to pay has been shown, regardless of whether the creditor is aware of the debtor's ability to pay."*  *O'Neil v. Estate of Murtha*, 89 Wash. App. 67, 70 (1997) (emphasis added) (citing *Van Buskirk v. Kuhns,* 129 P. 587).  As such, the statute of limitations began to run when that condition was met in 2003.[5]  The statute of limitations bars this claim, as ten years passed.

Although Plaintiff never raised the argument at trial, Plaintiff, in his Motion for Reconsideration, contends the statute of limitations on a pay when able loan begins to run only when the debtor is *fully* able to repay the loan.[6]  ECF No. 118 at

---

[5] Whether a personal or business loan, the parties do not dispute that the repayment proceeds were coming from the profitability of the business.

[6] At trial, Plaintiff represented to the Court that, "They have actually been able to pay, at least partially, in . . . . the range of the 2006 to either 2008 or '09."

ORDER DENYING MOTION FOR RECONSIDERATION ~ 5

1  7. Plaintiff presents no authority for the proposition that only *full* ability to repay

2  triggers the statute of limitations. *See*, *e.g.*, *Van Buskirk v. Kuhns*, 129 P. at 588

3  (no allegation that Defendants were able to pay, so no beginning of the statute of

4  limitations), *Horacek v. Smith*, 199 P.2d 929 (Cal. 1948) (discussing

5  commencement of statute of limitations without distinguishing between partial or

6  full ability to pay), *and Fuller v. White*, 201 P.2d 16, 19 (1948) (no proof of ability

7  to pay).  Regardless, Plaintiff should have raised this argument at trial, but he was

8  self-admittedly not prepared with the controlling case law nor when asked if he had

9  any additional evidence, did he present any evidence on this matter. *Kona*

10 *Enterprises*, 229 F.3d at 890 (citation omitted).

11      Even if it were proper to now consider Plaintiff's argument, the argument

12 fails.  Importantly, none of the cases reviewed by this Court concerning a "pay

13 when able" loan distinguishes between the debtor's ability to pay in full or part.

---

ECF No. 115 at 4.  In his motion to reconsider, Plaintiff now represents, "Plaintiff has subsequently learned Randall Ames' work with the biodiesel project was terminated not too much later, and therefore it appears Randall and Darlene Ames would not have had money to fully repay the loan, or even to make partial payments." ECF No. 118 at 7.  Regardless, motions to reconsider are not the time to present evidence that should have been presented at trial.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 6

This suggests partial payment triggers the statute of limitations. This reading is also in line with the rationale behind the statute of limitations in "promoting parties to act on apparent claims before they become stale." *See When Statute of Limitations Commences to Run Against Promise to Pay Debt "When Able," "When Convenient," "Or the Like,"* 67 A.L.R.5th 479 (Originally published in 1999). Moreover, if full ability to pay were required, creditors would not be able to collect on such a loan even if the debtor could pay in part, which is seemingly contrary to the parties' intent. Notably, the parties were free to contract for such a term by stating the loan must be repaid when the debtor is able to pay in full, but they did not.

Either way, Plaintiff's claim fails because the statute of limitations has run. Now is not the time to present the evidence that was requested and should have been presented at trial.

**B. Fraud**

Plaintiff asserts there are two incompatible contentions rendering the fraud claim unsuitable for dismissal. ECF No. 118 at 8. Namely, Plaintiff asserts there is a question as to whether the loan was a business or personal loan. ECF No. 118 at 8. If the former is true, Plaintiff asserts Defendants fraudulently induced him into entering into a business loan guised as a personal loan. The Court observes that this form of fraud was not alleged or proven at trial. Other than what Plaintiff

described as Defendant's false promise to pay, no other fraudulent conduct or false statement were proffered to support a fraud claim.

At this time, it matters not whether the loan was a personal loan or a business loan because the statute of limitations has long run. After all, Plaintiff concedes that Defendants offered to pay Plaintiff for amounts due under the loan, at least in part, around 2006 to 2009, and Plaintiff deferred repayment.

**C. Intentional Infliction of Emotional Distress (IIED)**

At trial, the Court asked Plaintiff whether the tort occurred in Washington or California, and asked what law thereby applies. Plaintiff replied that the tort occurred in Washington, and did not express any contention that California law should apply. Plaintiff now submits California law governs the issue. ECF No. 118 at 9. Even assuming Plaintiff is correct, his IIED cause of action fails. Further, the Court need not even address the argument because Plaintiff should have raised the argument at trial. *Kona Enterprises*, 229 F.3d at 890 (citation omitted).

When a party transfers a case from one federal district to another federal district in another state, the transferee Court must apply the law of the transferor Court. *Ferens v. John Deere Co.*, 494 U.S. 516, 524 (1990). In California, the transferor state, courts follow the "governmental interest approach" in determining what law to apply, which involves three steps:

ORDER DENYING MOTION FOR RECONSIDERATION ~ 8

> First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different. Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists. Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law 'to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state' and then ultimately applies 'the law of the state whose interest would be more impaired if its law were not applied.'

*McCann v. Foster Wheeler LLC*, 225 P.3d 516, 527 (Cal. 2010) (citing *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 922 (Cal. 2006)). Because the law of Washington and California agree on the instant point, the second and third steps need not be addressed.

Plaintiff's IIED claim fails under both Washington and California law. Turning to California law, Plaintiff admittedly fails to cite any binding precedent, alleging he did not find any facts similar to that presented before this Court. ECF No. 118 at 10-11. Rather, Plaintiff alludes to cases outside of California that allowed an IIED claim in the context of marital relationships. ECF No. 118 at 11.

The case of *Rudley v. Tobias* forecloses Plaintiff's IIED claim. In *Rudley*, the plaintiff, a minor child, filed suit against Ms. Tobias, alleging she:

> maliciously and for the purpose of breaking the family of which plaintiff was a member and for the purpose of depriving the plaintiff of the presence, comfort, society, guidance, affection and paternal care of Herbert Rudley, the plaintiff's father, persuaded the plaintiff's father to leave the marital household, to remove himself from the family of which both he and plaintiff were members, and to establish his permanent residence with the defendant.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 9

> The defendant continued said persuasions and enticements until on or about the 3d day of June, 1946, she succeeded in persuading and enticing the plaintiff's father to leave the marital household and to take up his residence with her. [And] that thereafter plaintiff's father did not return to the marital household, and as a consequence of the defendant's conduct, plaintiff has been and will continue to be deprived of the presence, comfort, society, guidance, affection and paternal care of his father and of the fruits and benefits of the integral family, to the plaintiff's damage in the sum of $100,000.

*Rudley v. Tobias*, 190 P.2d 984, 985 (1948) (internal quotation marks omitted). In upholding the lower court's dismissal of the action, the California Court of Appeals rested its decision on California Civil Code Section 43.5, which forbids a cause of action arising for "Alienation of affection[.]" *Id.* Based on this exclusion in Section 43.5, the court reached "the conclusion that [the plaintiff's] position is untenable." *Id.* at 986.

Claims arising from alienation of affection, regardless of the label, are not actionable. *See Smith v. Pust*, 19 Cal. App. 4th 263, 268-69 (1993) (emphasis original) ("substance" of suit for negligence, bad faith, negligent infliction of emotional distress, and intentional infliction of emotional distress is "plainly alienation of affection . . . Looking at the nub of plaintiff's gist, it is clear that he is suing on long-dead causes of action."). The instant case, where the Plaintiff is an adult, is premised on the same alienation of affection claim as in *Rudley*, and is correspondingly an "untenable" position under California law. 190 P.2d at 985.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 10

Despite the general bar on claims arising from alienation of affection, a cause of action can lie if the defendant has an "independent" duty of care. *Smith v. Pust*, 19 Cal. App. 4th at 269 (citation omitted). However, there are two requirements for such an independent duty to arise: "(1) a genuine professional relationship must exist between the plaintiff and the defendant, and (2) the wrongful conduct must have a meaningful connection to the *purpose* of that professional relationship." *Id.* at 270 (emphasis original). There is no professional relationship alleged, and thus the exception does not apply.

Moreover, as the *Rudley* court recognized, Section 49 of the California Civil Code "definitely limits the causes of action which are based upon an interference with personal relationships to those enumerated in the section." *Rudley*, 190 P.2d at 986 (1948) (quoting *Standard Oil Co. of Cal. v. United States*, 153 F.2d 958, 961 (9th Cir. 1946), *aff'd*, 332 U.S. 301 (1947). Specifically, Section 49 is limited to interference with personal relations by:

> (a) The abduction or enticement of a child from a parent, or from a guardian entitled to its custody;
> (b) The seduction of a person under the age of legal consent; [and]
> (c) Any injury to a servant which affects his ability to serve his master, other than seduction, abduction or criminal conversation.

Cal. Civ. Code § 49. The alleged interference with the personal relationship between Plaintiff and his parents is not encompassed under this statute, and is thus not a cause of action recognized in California. This holding is consistent with the

tendency of courts to avoid entertaining claims involving interfamilial warfare. *See, e.g., Richard P. v. Superior Court*, 202 Cal.App.3d 1089, 1094 (1988) ("We do not believe that the law should provide a basis for such interfamilial warfare.").

Consequently, even if California law applies, the result is the same, making moot the issue of which law applies.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration (ECF No. 118) is **DENIED**.

2. The hearing with oral argument set for January 31, 2017 is **STRICKEN**.

The District Court Executive is hereby directed to enter this Order and provide copies to the parties. The file shall remain **CLOSED**.

**DATED** January 23, 2017.

THOMAS O. RICE
Chief United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION ~ 12